**Armando FLORES–HERNA, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 11–72135.

United States Court of Appeals, Ninth Circuit.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Oct. 7, 2014.*

Filed Oct. 17, 2014.

Marlon L. Sinder, Esquire, Gleckman & Sinder, Los Angeles, CA, Howard Robert Davis, Law Offices of Howard R. Davis, Santa Monica, CA, for Petitioner.

John Blakeley, Senior Litigation Counsel, Christina J. Martin, Esquire, Trial, OIL, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, San Francisco, CA, for Respondent.

Before: TALLMAN, BEA, and FRIEDLAND, Circuit Judges.

MEMORANDUM **

Armando Flores–Herna petitions for review of the Board of Immigration Appeals' decision denying Flores–Herna adjustment of status on account of his 2005 conviction for possessing a controlled substance "while armed with a loaded, operable firearm." *See* Cal. Health & Safety Code § 11370.1 (1996). Flores–Herna argues his conviction is eligible for relief under the safe-harbor provision of the Federal First Offender Act, which requires that a petitioner's conviction be for "possession of drugs, or an equivalent or lesser charge such as possession of drug paraphernalia." *Ramirez–Altamirano v. Holder*, 563 F.3d 800, 812 (9th Cir.2009), *overruled on other grounds by Nunez–Reyes v. Holder*, 646 F.3d 684 (9th Cir.2011) (en banc); *see also Lopez–Vasquez v. Holder*, 706 F.3d 1072, 1074–75 (9th Cir.2013). On its face, Flores–Herna's 2005 conviction requires more conduct than mere possession of drugs; the conviction requires possession of drugs while armed with a loaded and operable firearm. The conviction therefore cannot qualify as "possession of drugs, or an equivalent or lesser charge." *Ramirez–Altamirano*, 563 F.3d at 812.

**DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

